UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-34103

IN RE:
Rayda Conde
     Debtor
_____/

**TRUSTEE'S OBJECTION TO EXEMPTION**
**AND MEMORANDUM OF LAW**

     Nancy N Herkert, Chapter 13 Trustee, files this Objection to Exemption and Memorandum in Support of her position that the property titled in the debtors name is not bare legal title and states as follows:

**ASSERTIONS OF FACT**

     1) The debtor's Schedule A states that the debtor is claiming bare legal title in property located at 2306 W 53rd Place, #7-1, Hialeah, Fl.  The property is titled as Mayra Conde, Tayda Conde and Claudio Angel Conde as joint tenants with rights of survivorship. The debtor claims that the property is actually held by Claudio Conde & Mayra M Conde.

     2) The debtor is named on the bank statements which paid the mortgage.

     3) The debtor has been on title since 2007.

**LEGAL ARGUMENT**

**I.  Real property is presumed to be held as it is titled**

     The property is titled in the debtor and his uncle's names which is *prima facie* evidence that the debtor is a one half owner of the Property. Section 541(d) allows a debtor to exclude property from the estate to which they hold no equitable interest. The nature and extent of a

debtor's interest in property is determined by state law. *Butner v. US.,* 440 U.S. 48 (1979).

Florida Statutes states that unless the deed includes language limiting the conveyance or the interest is recorded, that the deed is a transfer of all interests. Since the deed "shall be construed to vest the fee simple title or other whole estate or interest which the grantor had power to dispose of at that time" (*Fla. Stat. 689.10*) and no unrecorded interest in real property shall be effectual in law or equity against creditors or subsequent bona fide purchasers. (*Fla. Stat. 695.01*)

### a)  Non-debtor beneficiary must prove there was a constructive trust

Under Florida law, to prove the property is not equitably held by the debtor, the non-debtor beneficiary must intervene and provide proof of ownership. *Kearney v. Unibay Co, Inc.*, 466 So.2d 271 (Fla. 4 D.C.A. 1985); *In re: Distefano,* 442 B.R. 146 (Bankr. S.D. Fla. 2010); *Georgia Pacific Corp v. Sigma Serv. Corp.,* 712 F.2d 962, 969 (5th Cir. 1983); *In re: Daugherty,* 261 B.R. 735, 740 (Bankr M.D. Fla. 2000); *In re: Coburn*, 250 B.R. 401 (M.D. Fla 1999); and *In re: Garcia,* 276 B.R. 699 (S.D. Fla 2002). The non-debtor beneficiary must prove title, identify the trust fund, and trace the property. In addition, the non-debtor beneficiary must prove all elements of bare legal title by competent physical evidence, including but not limited to: a) The debtor has not now nor never had control over the property; b) The debtor has not contributed any funds toward the purchase, insurance, or maintenance of the property; c) The debtor has not held the property out as his own on any credit application or any other documentation; d) The debtor made an express or implied promise to the non-debtor beneficiary to hold the property in trust; e) The debtor and the non-debtor beneficiary have a confidential relationship; and f) The non-debtor donor did not intend to make a gift to the debtor nor intend to leave the debtor a remainder interest in the property.

**b) Non-debtor donor must prove there was no intent to gift the property to the debtor**

One of the elements of bare legal title is proof that the non-debtor donor did not intend to make a gift to the debtor nor intend to leave the debtor a remainder interest in the property. Only the donor can testify as to the intent of the transfer. Testimony by any other party is hearsay and inadmissable.

**II) The Standard of evidence in this case is beyond a reasonable doubt**

The debtor's property is deemed to be held as titled unless she is able to rebut that "strong presumption attaching in favor of recorded deed against existence of any secret reservation" *Reasoner v. Fisikelli,* 153 So. 98 (Fla. 1934); See *also In Re: Schiavone*, 209 B.R. 751 (Bankr.S.Fla., 1997). The evidence required to impose a resulting or constructive trust must be "strong, clear and convincing as to leave no doubt as to the existence of the trust." *Taylor v. Rupp, (In re: Taylor)* 133 F.3d 1336 (10th Cir 1998); *Grapes v. Mitchell,* 159 So.2d 465 (Fla. 1964) ; *1031 Exchange services (in Re: Landamerica Financial Group, Inc),* 412 B.R. 800, 817 (Bankr E.D. Va 2009)*; Provence v. Palm Beach Taverns Inc.,* 676 So.2d 1022, 1025 (Fla 4 D.C.A. 1996); *In re: Kirk*, 381 B.R. 800, 803 (M.D. Fla 2007); *Hiestand v. Geier,* 396 So.2d 744, 747 (Fla 3 D.C.A. 1981).

Further, the gift from a parent to a child has an even higher threshold of presumption. The Supreme Court of Florida has stated that a transfer of real property to an immediate family member creates a strong presumption of a gift "and such presumption can only be overcome by evidence so clear, strong and unequivocal as to remove every reasonable doubt as to the existence of the gift." *D'uva v. D'uva*, 74 So. 2d 889, 891 (Fla. 1954). The D'uva Court further

clarified its holding "[i]n the case of *Frank v. Eeles*, 152 Fla. 869 (Fla. 1943), we held that where the purchase money of land is paid by one person and the title is taken in the name of another, the party taking the title is presumed to hold it in trust for him who pays the purchase money. In the same case however, we held that this presumption did not arise where the legal title was taken in the name of some person for whom the purchaser is under a legal or moral obligation to provide. See also *Semple v. Semple*, 90 Fla. 7, (Fla. 1940), where we held that a contrary presumption arises from the relation of the parties at the time the conveyance is made." *D'uva*, 74 So. 2d at 891 ( Fla, 1954)

Further the reliance on only *parole evidence* to rebut the statutory presumption of title raises the standard of proof from clear and convincing to beyond a reasonable doubt. *Martin v. Wilson*, 115 So. 2d 573, 574 (Fla. 1 D.C.A. 1959); See *Howland v. Blake*, 97 U.S. 624, 626 (1878);  and *Moore v. Crawford*, 130 U.S. 122, 134 (1889) ("*It is only when an oral agreement is clearly and satisfactorily proven by testimony above suspicion and beyond reasonable doubt, that it will be enforced to establish rights in land at variance with the muniments of title...*").

### III.  Remainder interest

If the debtor is able to prove that she was only placed on the title for the purpose of inheritance, the Trustee argues that she holds a remainder interest.  A remainderman does not have to contribute to the maintenance of a property.  Nor does a remainderman have any control of the current use of a property.  The IRS has tables to determine the current value of a remainderman's future interest in property.

**CONCLUSION**

Unless the non-debtor beneficiary can prove all the elements of a constructive trust and bare legal title, and unless the non-debtor donor can testify to his intent at the time of the transfer of the Property to the debtor, the debtor was the actual owner of the property.

I hereby certify that a true and correct copy of the foregoing and the notice of hearing generated through ECF was served through NEF on debtor's attorney on April 3, 2015

        Submitted by
        NANCY N. HERKERT, ESQUIRE
        STANDING CHAPTER 13 TRUSTEE


        AMY E. CARRINGTON, ESQUIRE
        FLORIDA BAR NO: 0101877
        P.O. BOX 279806
        MIRAMAR, FL 33027
        (954) 443-4402